# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:17cr38 |
| | § | (Judge Mazzant) |
| SERVANDO PINEDA-VALDEZ | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Withdraw/Set Aside Guilty Plea (Dkt. #76). In his motion, Defendant seeks to withdraw his guilty plea, which was taken by United States Magistrate Judge Kimberly C. Priest Johnson on July 19, 2017.

## BACKGROUND

On March 8, 2017, Defendant was indicted in a one-count indictment. Count one charged Defendant with a violation of 21 U.S.C. § 846, Conspiracy to Possess with the Intent to Distribute Cocaine. Defendant was represented by Mark Fernandez. Defendant was arrested on a complaint and waived his detention hearing and was ordered detained pending trial.

On July 19, 2017, Defendant entered a plea of guilty pursuant to a plea agreement before Judge Johnson to Count one of the indictment, which charged a violation of 21 U.S.C. § 846. Defendant signed a statement of facts in support of his plea of guilty (Dkt. #51). The undersigned accepted the plea on August 8, 2017 (Dkt. #53).

On February 12, 2018, Defendant filed his Motion to Withdraw/Set Aside Guilty Plea (Dkt. #76). Defendant asserts that he would like to withdraw his plea of guilty so that the drug quantity can accurately reflect the correct base offense level. Defendant asserts that he pleaded guilty before the lab reports of the seized drugs were available. On February 22, 2018, the Government filed a response (Dkt. #84). On February 28, 2018, the Court conducted a hearing on the motion.

## ANALYSIS
### Standard of Review

According to Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure, a district court may grant a motion to withdraw a guilty plea before sentencing if the defendant shows "a fair and just reason." There is no absolute right to withdraw a guilty plea, and the Defendant bears the burden of establishing a fair and just reason for withdrawing his plea. *United States v. Puckett*, 505 F.3d 377, 382 (5th Cir. 2007) (citation omitted); *United States v. Lampazianie*, 251 F.3d 519, 523-24 (5th Cir. 2001). In deciding whether to permit a defendant to withdraw a guilty plea, the Court is granted "broad discretion." *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984) (citation omitted).

To determine whether a defendant may withdraw a plea of guilty prior to sentencing, this Court must look at the following factors: (1) whether the Defendant has asserted his innocence; (2) whether the Government would suffer prejudice if the withdrawal of the motion were granted; (3) whether the Defendant has delayed in filing his withdrawal motion; (4) whether the withdrawal would substantially inconvenience the Court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. *Id.* at 343-44. The Court is not required to make a finding as to each individual factor. *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). The *Carr* factors are considered for the totality of the circumstances and no single factor is dispositive. *Lampazianie*, 251 F.3d at 524; *Powell*, 354 F.3d at 370.

### Discussion

Defendant's main argument in support of his claim that there is a fair and just reason to allow

him to withdraw his guilty plea is that the lab report revealed that the drugs seized was 4945.4 grams which is less than the 5 kilograms amount charged by the Indictment.

**Defendant's Assertion of Innocence**

Defendant does not assert he is innocent, but instead asserts that he should be held responsible for a lower amount of the drugs siezed based upon the lab report. His failure to claim his innocence favors denying his motion to withdraw.

**Delay in Filing Withdrawal Motion**

In *Carr*, the Fifth Circuit found a delay of twenty-two days before filing a motion for withdrawal of a guilty plea to weigh against allowing the defendant to withdraw his plea. *Carr*, 740 F.2d at 345.

> The rationale for allowing a defendant to withdraw a guilty plea is to permit him to undo a plea that was unknowingly made at the time it was entered. The purpose is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.

*Id.*

On July 19, 2017, Defendant pleaded guilty. On February 12, 2018, Defendant filed his motion to withdraw his guilty plea. Defendant also waited until after the Presentence Report ("PSR") had been prepared before notifying the Court that he wanted to withdraw his guilty plea.

The Court finds that Defendant was not prompt. Defendant's delay demonstrates a tactical decision and Defendant's belief that he made a bad decision in pleading guilty. Therefore, the Court finds that Defendant's delay strongly favors denying the motion.

**Assistance of Counsel**

In order for a Defendant's guilty plea to be valid, "the defendant must have available the

advice of competent counsel. The advice of competent counsel exists as a safeguard to ensure that pleas are voluntarily and intelligently made." *Matthew v. Johnson*, 201 F.3d 353, 365 (5th Cir. 2000) (internal citations omitted).

In a recent case, the Fifth Circuit determined that close assistance of counsel under Rule 11(d)(2)(B) and "constitutionally ineffective assistance of counsel are distinct issues." *United States v. McKnight*, 570 F.3d 641, 646 (5th Cir. 2009). Ineffective assistance is a basis for invalidating a conviction under the Sixth Amendment and not relevant to the decision of whether Defendant was denied close assistance of counsel. *Id.* The question of whether Defendant received the close assistance of counsel "requires a fact-intensive inquiry." *Id.* The Court cannot find fault with the representation provided by Mr. Fernandez. Therefore, the Court finds that Defendant was not without assistance of adequate counsel in agreeing to plead guilty.

**Knowing and Voluntary Plea**

"For a plea to be knowing and voluntary, 'the defendant must be advised of and understand the consequences of the [guilty] plea.'" *United States v. Gaitan*, 954 F.2d 1005, 1011 (5th Cir. 1992) (quoting *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990)). Defendant must have notice of the nature of the charges against him, he must understand the consequences of his plea, and the nature of the constitutional protections he is waiving. *Matthew*, 201 F.3d at 365. For a guilty plea to be voluntary, it must "not be the product of 'actual or threatened physical harm, or ... mental coercion overbearing the will of the defendant' or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel." *Id.* (quoting *Brady v. United States*, 397 U.S. 742, 750 (1970)).

In this case, the Court informed the Defendant of the nature and consequences of his guilty

plea. The Court informed Defendant of the rights he gave up when pleading guilty, the potential sentence he faced for pleading guilty – imprisonment of not less than ten years and not more than life – and the specific elements of the crime. Defendant stated that he understood the penalties he could receive, the elements of the offense, and his constitutional rights. He was advised about the sentencing guidelines.

Defendant represented that his plea was freely and voluntarily made, and that no one forced him, threatened him, or promised him anything other than what was contained in the plea agreement. The Court went over, in detail, the statement of facts in support of the plea. Defendant acknowledged that the facts were true and correct, and that he was pleading guilty to the facts as recited by the Court. After acknowledging the facts supporting his plea, Defendant entered a plea of guilty to Count One of the indictment. Having been advised as to the details and consequences of his plea, having repeatedly stated that he understood the proceedings, and having repeatedly acknowledged his guilt, Defendant's assertion that his plea was anything other than knowing and voluntary is contradicted by the record. *See United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002) (reviewing courts give great weight to the defendant's statement at the plea colloquy).

**Remaining Factors**

The remaining factors for the Court to consider are as follows: (1) whether withdrawal would cause the Government to suffer prejudice if the motion were granted; (2) whether withdrawal would substantially inconvenience the Court; and (3) whether withdrawal would waste judicial resources.

A withdrawal at this point would inconvenience the Court and cause a waste of judicial resources.

After considering the evidence presented, the arguments of counsel, and reviewing the record,

the Court finds that the *Carr* factors do not weigh in Defendant's favor. Defendant presented no evidence that convinces the Court that Defendant should be allowed to withdraw his plea of guilty. Given the totality of the circumstances, the Court finds that Defendant has failed to demonstrate a fair and just reason to withdraw his plea of guilty.

It is therefore **ORDERED** that Defendant's Motion to Withdraw/Set Aside Guilty Plea (Dkt. #76) is **DENIED**.

**SIGNED this 13th day of March, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE